## Commonwealth v. Vianello

*E. David Christine Jr., assistant district attorney,* for the commonwealth.
*Michael Vianello,* pro se.

O'BRIEN, *J.,* August 23, 1988 — On July 20, 1988, the defendant was found guilty of a violation of section 3364 of the Motor Vehicle Code; 75 Pa.C.S. §3364. Defendant filed timely post-verdict motions and brief in support thereof which are now before the court for disposition.

In his post-verdict motions, the defendant makes 57 separate allegations of error. Many of these allegations deal with the procedure utilized in the summary proceeding and the allegations are clearly without merit in view of the holding of our Superior Court in *Commonwealth v. Koch,* 288 Pa. Super.

290, 431 A.2d 1052 (1981). Several other allegations, such as the request for a jury trial on the traffic citation, are frivolous and do not merit discussion. However, the defendant raises one issue which does require scrutiny by this court. The defendant was convicted of violating section 3364(a) of the Motor Vehicle Code, which provides as follows:

"(a) *Impeding movement of traffic prohibited* — Except when reduced speed is necessary for safe operation or in compliance with law, no person shall drive a motor vehicle at such a slow speed as to impede the normal and reasonable movement of traffic."

Section 3366 of the Motor Vehicle Code provides as follows:

"In every charge of violation of a speed provision in this subchapter, except for a violation of 3361 relating to driving vehicle at safe speed, the citation or complaint shall specify the speed at which the defendant was alleged to have driven and the applicable speed limit."

Defendant argues that since the citation, charging him with driving at too slow a speed, does not allege the speed at which he was operating, the citation should be dismissed for noncompliance with section 3366 of the act. While the inclusion of a specific speed in a citation for driving at an *excessive* rate of speed is essential to put the defendant on notice of the charges and for a determination of an appropriate fine if the defendant is found guilty, the same rationale does not apply to a charge for operating too slowly. Further, Pa.R.Crim.P. 90 which became effective January 1, 1986, long after section 3366 of the Motor Vehicle Code was in effect, provides as follows:

"A defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of a complaint, citation, summons, or warrant, or a defect in the procedure of this chapter, unless the defendant raises the defect before the conclusion of the summary trial and the defect is prejudicial to the rights of the defendant."

Thus in *Commonwealth v. Friedline*, 38 D.&C. 3d 270 (1985), the court refused to dismiss a citation for noncompliance with section 3366 of the act absent a showing of prejudice. Similarly in *Commonwealth v. Levin*, 71 D.&C. 2d 751 (1974), the court refused to dismiss a citation for violation of a speed provision because of errors in the filing of a citation absent a showing of prejudice. In the case at bar, the defendant has not presented any evidence of prejudice resulting from the failure to designate a speed in the citation. Therefore, we find the defendant's allegation of error to be without merit and decline his request to dismiss the citation in view of the explicit provisions of rule 90.

## ORDER

And now, August 23, 1988, defendant's post-verdict motions are denied.